HENRY W. NELSON, APPELLANT, v. JESSE GAREY, APPELLEE.

1. **Assignment**: PREFERENCE. Under the act of 1877, Compiled Statutes, chap. 6, an assignment for the benefit of creditors must be without preferences. If any preferences are made, that part of the assignment will be held void. But this act does not prevent a debtor, though in failing circumstances, from preferring a creditor by a separate and independent conveyance unconnected with the transaction of making the assignment, even though the preferred creditor be the assignee named in the assignment subsequently made.

2. ———: MORTGAGE MADE SAME DAY OF ASSIGNMENT. The fact

that a mortgage was made to a creditor the same day of the assignment, if made *bona fide* and without fraudulent intent, will not render it a part of the assignment so as to convey the mortgaged property in trust for creditors.

APPEAL from Valley county. Heard below before TIF-FANY, J.

*Charles E. Magoon,* for appellant, cited: *Giddings v. Sears,* 115 Mass., 505. *Lininger v. Raymond,* 12 Neb., 25. *Mussey v. Noyes,* 26 Vt., 462. *Curtis v. Leavitt,* 15 N. Y., 197. *Davis v. Anderson,* 1 Kelley, 176. *Harkraker v. Leiby,* 4 Ohio St., 602. *Doremus v. O'Harra,* 1 Id., 45. *Lyon v. McIlvaine,* 24 Iowa, 9. *Dodd v. Hills,* 21 Kan., 709 *Bates v. Coe,* 10 Conn., 280.

*Coffin & Grimes* and *Martz & Williams,* for appellee, cited: Burrill on Assignments, 220–224. *Atkinson v. Jordan,* 5 Ohio, 293. *VanPatten v. Burr,* 3 N. W. R., 114.

REESE, J.

The question in this case is, whether there was sufficient evidence before the district court to justify it in holding that a certain chattel mortgage executed by the assignor to the assignee, on the same day on which a general assignment was made, was in fact a part of the general assignment and that the two were one and the same instrument.

Section 5 of the act of 1877, under which this assignment was made, provides that: "All assignments of property in trust which shall be made by any debtor on account of inability at the time of the assignment to pay his debts, to prefer one or more creditors (except for the payment of wages of labor) shall be held and construed to inure to the benefit of his creditors in proportion to their respective demands, and all such assignments shall be subject, in all respects, to the provisions of this act: *Provided,* That the

claims of laborers thus preferred shall not severally exceed the sum of one hundred dollars." Comp. Stat., chap. 6.

By this section it is very apparent that if the deed of assignment contains any provisions by which preferences are made, those provisions are void and the assignee will be treated as holding all the assigned property in trust for all the creditors, the proceeds to be distributed among them *pro rata.* Therefore if it is true that the chattel mortgage and the assignment can, in the light of the facts, be considered as "one and the same instrument," then the decision of the district court is correct. There was no testimony taken as to the principal facts upon which the order was based and we are left wholly to the records from which to draw our conclusions. These records consist mainly in the various proceedings in the matter of the assignment. Taking the evidence as it is, we find that on the 9th of January, 1882, Nelson, the appellant, signed a stay bond for Harter to secure a judgment for $332.91 in favor of A. Stacy, and on the 13th day of January, 1882, he became surety for Harter on certain promissory notes payable to Meyer & Schurman for $604.93, and that at the time of signing said bond and notes Harter agreed to secure him from all loss or damage resulting from becoming such surety. At these times Nelson had no knowledge of any intention on the part of Harter, if any existed, to make an assignment. On the 14th day of January of the same year, and prior to the assignment Harter executed to Nelson the chattel mortgage in question on a part of his property, and which was filed in the office of the county clerk on the same day at one o'clock and fifty minutes in the afternoon. On the same day Harter executed a general assignment of all his property to Nelson for the benefit of his creditors. This assignment was filed for record at two o'clock and ten minutes in the afternoon of that day. Nelson immediately took possession of all the property. The inventory shows that there was sufficient property to pay all the debts, but

a large portion of it was afterward destroyed by fire. At the time of the execution of the mortgage the mortgaged property was separated from the other property and sufficiently described and identified by the mortgage.

It must be conceded that if the chattel mortgage was executed in good faith in pursuance of an agreement to secure Nelson against loss growing out of his suretyship for Harter, prior to the making of the assignment and without the intention to divert the property from an assignment then agreed to be made, the decision of the district court that " the mortgage and the assignment are one and the same instrument " is incorrect. But if the assignor and assignee consulted together prior to the making of the mortgage and then agreed upon the course which was afterwards pursued, and in pursuance of that agreement made both of the instruments at the same time—that is, during the same transaction—then the decision is right.

We have examined the record carefully, and are wholly unable to discover any evidence which will justify the latter conclusion. It is undisputed that Nelson became surety for Harter, as he claims, that Harter agreed to secure him for so doing, and that Nelson had no knowledge of any intention on the part of Harter to make an assignment. There is no intimation anywhere of any fraudulent intention on the part of either Nelson or Harter. If the mortgage was executed under these circumstances, we think it is clear it could not be considered a part of the assignment. There is no proof as to how long the mortgage was made before the assignment. The only evidence upon this point was the time at which the respective instruments were recorded. It is claimed by the appellee that of late the tendency of law has been toward a restriction of the right to prefer creditors by insolvent debtors. Such is undoubtedly the case where that preference is made *by* the assignment; and this is usually controlled by the statutes of the several states upon the subject of assignments, as in

this state.   It is said in Burrill on Assignments, sec. 167 :
"It is to be observed, however, that even in some of those
states where preferences in assignments have been either
actually prohibited by being declared void by statute, or
virtually prohibited by being rendered inoperative, the pro-
hibition has been confined by the courts to cases of *general*
assignments, where the preferences are given by the *as-
signment itself*, or by some instrument or act so connected
with it as to be deemed in law a part of the same transac-
tion, and has been held not to extend to distinct special
transfers of property in payment or security of some par-
ticular debt."   In the case of *Lininger v. Raymond*, 12
Neb., 25, this court has held that "a debtor, even when in
failing circumstances, has a right to pay a *bona fide* de-
mand of one of his creditors to the exclusion of the others.
This is a right of which the law has not undertaken to de-
prive him."

It is claimed that the conduct of the assignee in report-
ing the mortgaged property with the unmortgaged and the
payment of the debts for which he was surety out of the
assets of the assigned estate, are sufficient to show that he
accepted the conveyance by the mortgage in trust, which,
under the statute above quoted, must inure to the benefit
of the creditors.   We think otherwise.   The mortgage
conveyed to Nelson the legal title to the property, subject
to the conditions of the mortgage.   *Clopper v. Poland*, 12
Neb., 69.   The assignment conveyed to him the assignor's
right of redemption.   He could have foreclosed the mort-
gage, but as that would have caused delay, expense, and
possibly a sacrifice of the property, he was justified in dis-
posing of it as he did, and in his reports to the court
making a full exhibit of all his proceedings, showing what
disposition he had made of the mortgaged property to the
extent of indemnifying himself, by paying the debts for
which he was surety, and giving the creditors the benefit
of the remaining property.   He has, apparently, acted in

good faith in all things connected with this assignment, and so far as is shown has discharged his duty to all parties.

After a careful review of the case, and of the points made by counsel for the appellee, we find no ground upon which the judgment can be upheld.

The judgment and decree of the district court requiring the assignee to account for $713.94 with interest, etc., is reversed, and the report of the assignee is in all things confirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.