WILLIAM B. GRIMES & CO., PLAINTIFFS IN ERROR, V. FARRINGTON BROS., DEFENDANTS IN ERROR.

A. FRANK & SONS, PLAINTIFFS IN ERROR, V. FARRINGTON BROS., DEFENDANTS IN ERROR.

A. B. SYMNS & CO., PLAINTIFFS IN ERROR, V. FARRINGTON BROS., DEFENDANTS IN ERROR.

TOOTLE, HANNA & CO., PLAINTIFFS IN ERROR, V. FARRINGTON BROS., DEFENDANTS IN ERROR.

1. **Fraud:** ATTACHMENT: MOTION TO DISCHARGE: BURDEN OF PROOF. The question of fraudulent intent in the transfer or con-

veyance of property is one of fact, to be decided by the trial court as any other question of fact. Where, on the hearing of a motion to discharge an attachment procured upon an allegation of the fraudulent disposition of property, the averments of such affidavit are denied by the attachment defendant, the burden of proof to establish the fact charged is upon the plaintiff in the action, and the motion to discharge should be sustained, unless such proof is made by a preponderance of testimony. In such case an order discharging the attachment will not be reversed unless against the weight of evidence.

2.  **Assignment:** PREFERRING CREDITORS. A debtor has the right to secure a part of his creditors in preference to others, by the conveyance or mortgage of property. The fact of such preference will not of itself render such conveyance or mortgage fraudulent as to other creditors.

3.  **Attachment:** MOTION TO DISCHARGE: RIGHTS OF MORTGAGOR. A mortgagor of personal property upon which an attachment issued against him has been levied, has the right, under the provisions of section 235 of the civil code, to resist the attachment by a motion to discharge the same, upon the ground that the allegations of fraud upon which the order of attachment was procured are untrue.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*Isham Reavis, A. Schoenheit*, and *E. W. Thomas*, for plaintiffs in error, contended: 1. That the mortgage given should be construed as an assignment in its legal effect. *Brown v. Webb*, 20 Ohio, 389. *Bates v. Coe*, 10 Conn., 293. *Perry v. Holden*, 22 Pick., 269. *Wallach v. Wylie*, 28 Kan., 138. *Winstead v. Hulme*, 32 Kan., 572. *Jeffrey v. Greenbaum*, 20 N. W. R., 775. 2. That defendants could not be heard for the purpose of having the attachment dissolved. *Chandler v. Noah*, 5 Mich., 409. *Price v. Reed*, 20 Mich., 72. *Mitchell v. Skinner*, 17 Kan., 563. *Long v. Murphy*, 27 Kan., 375.

*Frank Martin*, for defendants in error, cited: *Lininger v. Raymond*, 12 Neb., 25. *Nelson v. Garey*, 15 Neb., 531. *Meyer v. Zinger*, 25 N. W. R., 727.

REESE, J.

These cases being argued and submitted together and presenting the same questions will be disposed of in the same way. The questions presented by the brief of plaintiffs in error will be noticed in the order in which they there occur therein.

Certain attachments were issued from the district court of Richardson county in actions brought by plaintiffs in error, which were, upon motion of defendants in error, discharged by the order of the judge of the first judicial district. This ruling of the district judge is assigned as error, and is brought to this court for review. The affidavits upon which the attachments were issued allege and charge, in substance, that defendants in error had assigned and disposed of their property with the intent to defraud their creditors, and that they were about to convert the remainder of their property into money with the intent to defraud their creditors. Defendants in error moved to discharge these orders upon the ground that the facts stated in the affidavits were insufficient in law to authorize the issuance of the orders, and that the facts stated in the affidavit were untrue. The ruling of the court was evidently based upon the latter ground. The facts, as shown by the proofs submitted to the lower court, were, that defendants in error were merchants in Falls City, carrying a stock of goods of the value of from $14,000 to $18,000, and that they were indebted to various persons and firms to the amount of about $11,000. That certain of the creditors who resided in the city of Chicago, and representing about $9,000 of the indebtedness, were pressing defendants in error for payment or security, when they executed and delivered to them a chattel mortgage on their stock of goods, and under which the mortgagees took possession. The attachments followed.

The fraudulent intent which it is claimed existed at the

time of the execution of the mortgage is not proved by any direct testimony, but it is claimed that the circumstances surrounding the transaction clearly indicate such intent. These circumstances consist in part in the facts that the goods were not removed from the store; that one of defendants in error remained in the store, apparently in charge, or at least partially so; that defendants in error refused to secure the debts due plaintiffs in error either by turning over to them a part of the goods or by the execution of mortgages subject to that held by the Chicago creditors; and by the fact that goods were purchased of plaintiffs in error a short time before the execution of the mortgage, and that the property mortgaged exceeds in value the amount of the debts secured.

Upon the other hand this intent is denied, and the positive denial under oath of defendants in error, as well as of the agent of the creditors who procured the mortgage, the fact that the debts secured were *bona fide* debts, that the property was put into the hands of the mortgagees, who took possession and control of them, placing the agent in charge as cashier, and hiring one of defendants in error as clerk at the agreed wages of $15 per week, are relied upon to repel any presumption of fraudulent intent which might be relied upon by plaintiffs in error. These questions were submitted to the district judge upon the hearing, and in view of the fact that the burden of proof rested upon plaintiffs in error, the intent having been denied, we cannot say the decision was wrong.

It is claimed that when defendants in error executed the chattel mortgage to the creditors named therein, it was done in contemplation of their insolvency, and with the full intention by them to make a final disposition of all their property, quit business, and dissolve the partnership, and that therefore the mortgage was equivalent to an assignment by which certain creditors were preferred, and

was therefore void in law.    Much is said in support of this
theory.    We grant that were the legal effect of the mort-
gage as claimed, then the position assumed by the plaintiffs
in error would be unassailable, for the assignment law of
this state—chap. 6, Comp. Stats., 1885, § 29—specifically
declares that such assignments shall be void.    But we can-
not see that the legal effects claimed by plaintiffs in error
necessarily follow.    It has been repeatedly held by this
court, and is the settled law of this state, until changed by
legislative enactment, that a debtor in failing circumstances
has the right to prefer *bona fide* creditors, and may secure
such to the exclusion of others.    *Nelson v. Garey*, 15 Neb.,
531.    *Bierbower v. Polk*, 17 Id., 268.    But it is said that
the decisions of this state were made before the present as-
signment law took effect, or rather, the events out of which
the actions arose occurred before that time and under the
assignment law of 1877.    This is true, but the fact remains
that these holdings did not depend upon the assignment law
of 1877.    See Bump on Fraudulent Conveyances, 183, *et
seq.*  Wait on Fraudulent Conveyances, § 390, *et seq.*  Kerr
on Fraud and Mistake, 212.    This rule has never been
changed in this state by legislative enactment, and we
know of no reason why it should.    It is true that an *assign-
ment* of property for the benefit of creditors must, under
section 29, *supra,* be without preferences.    But where no
assignment is made the rule does not apply.    Neither can
it be maintained that the mortgage executed by defendants
in error is an assignment as claimed by plaintiffs in error.
There was no attempt to make an assignment.    It was a
transfer of property to secure specific debts.    The effect of
the preference may be to delay other creditors, but if the
motive is to secure or pay the preferred debt, it being *bona
fide,* the transaction is not fraudulent.

Plaintiffs in error also contend that the value of the
mortgaged property being greater than the debt secured,
is an indication of fraud, or at least works a fraud upon

them. The extent of the discrepancy between this value and the amount of the debt secured, was a question of fact upon which the judgment of the lower court was taken. The debts amounted to $9,051, and the court might have found from the testimony that the value of the goods was $14,390. If he did so find, we cannot hold that this would be in law such a fraud upon the rights of plaintiffs in error as would render the transfer invalid. If it became necessary to foreclose the mortgage and sell the property at forced sale, the residue might not, and probably would not, be great after paying the debt and the necessary expense of the foreclosure.

In the ruling of the court upon this part of the case we see no error.

It is next contended that defendants in error have no standing in court which will permit them to question the attachments. That according to their own theory they were not in possession of the goods at the time of the levy and are not entitled to the possession of them. This might, perhaps, be sufficiently answered by saying that since plaintiffs in error have levied upon the property as the property of defendants in error, and insist that it does belong to them, they might not be heard now to say that plaintiffs in error have no such interest in it as would permit them to defend against the attachment. But, however that may be, it is plain that under the provisions of section 235, *et seq.*, of the civil code, the defendant in an attachment proceeding may, at any time before judgment, move to discharge an attachment which has been issued against him and is levied upon property in which he claims an interest. While in this case defendants in error were not entitled to the possession of the property levied on, yet they clearly had an interest in it, subject to the mortgage, which they had the right to protect. The cases cited by plaintiffs in error upon this point are not in conflict with this view.

The order of the district court discharging the attachment is affirmed.

JUDGMENT ACCORDINGLY.

The other judges concur.