[No. 68. Decided February 21, 1891.]

MORRIS WINDT v. JOHN BANNIZA AND MARTIN BANNIZA.

ATTACHMENTS — MOTION TO DISCHARGE — PRACTICE — APPEALS.

A motion to discharge an attachment is addressed to the consideration of the court or judge, and the statute of this state (Laws, 1885-6, p. 45) does not contemplate the interposition of a jury to determine it, or to aid in its determination.

When the motion to discharge an attachment is made by defendant upon affidavits, the plaintiff may oppose the same by affidavits or oral testimony; but the defendant has no right, in the first instance, to introduce any testimony other than affidavits in support of his motion.

A motion to discharge an attachment on the ground of the insufficiency of plaintiff's affidavit therefor, should point out explicitly the nature of the insufficiency.

Affidavits used upon the hearing of a motion to discharge an attachment are not part of the record, and, in order to be available on appeal, must be brought up by a statement or bill of exceptions.

An attachment may be dissolved upon the motion and affidavit of but one of several defendants.

An order of the superior court discharging an attachment is not reviewable on appeal under the laws of this state for the removal of causes to the supreme court (Laws, 1889-90, pp. 333, 336).

*Appeal from Superior Court, Pierce County.*

The facts are fully stated in the opinion.

*Applegate & Titlow,* for appellant.

A motion based upon counter-affidavits as to grounds of attachment should not be sustained. *Reiss v. Brady,* 2 Cal. 132; *Cooper v. Reeves,* 13 Ind. 55. If plaintiff's affidavit and the other proceedings comply with the law, the attachment must continue in force. *Lord v. Gaddis,* 6 Iowa, 60. Issues should be made upon the facts alleged in the affidavit for attachment. *Foster v. Dryfus,* 16 Ind. 159; *Lowry v. McGee,* 75 Ind. 510; *Perry v. Sharpe,* 8 Fed. Rep. 22; *Strauss v. Abrahams,* 32 Fed. Rep. 311.

Questions pertaining merely to the mode of procedure may be tried upon affidavits, but it is contrary to all right to finally determine legal claims on motion and affidavits. *Parker v. Judge,* 24 Mich. 408; *Lyon v. Smith,* 66 Mich. 676. The code provides for the trial of all issues of fact by a jury, unless a jury trial be waived. Sec. 204. Our territorial supreme court was disposed to guarantee and insist upon the right thus provided for. *Meeker v. Gilbert,* 3 Wash. T. 378; *Baker v. Prewitt,* 3 Wash. T. 597.

The motion to dissolve the attachment on the ground "that the affidavit in the said cause is insufficient upon its face," is defective because it does not point out the irregularity or impropriety. *Freeborn v. Glazer,* 10 Cal. 339; *Loucks v. Edmondson,* 18 Cal. 204.

"The defendant's affidavit to falsify the facts contained in the plaintiff's affidavit should not be received. No provisions made by the code for superseding the attachment in this manner; and the well settled rule, independent of any statutory provision, is not to receive contradictory affidavits on questions like this." *Conklin v. Dutcher,* 5 How. Pr. 387; *White v. Featherstonebough,* 7 How. Pr. 358; *Klauber v. Charlton,* 47 Wis. 570.

"The law does not seem entirely clear that a partner may enter an appearance for his copartners without special authority, even during the continuance of the firm." *Hall v. Lanning,* 91 U. S. 166; *Hills v. Ross,* 3 Dall. 331. Upon the dissolution of the firm, as of necessity was the case here, all the assets having been disposed of, no authority can be found authorizing one partner to appear for or bind the other.

*Doolittle, Pritchard & Stevens,* for appellees.

The mode of traversing an attachment affidavit under our statutes is by motion and affidavits to be submitted to and tried by the court, and, under our practice, it is not

contemplated that such an issue will ever be tried by a jury. Laws 1885-6, p. 45, §§ 31-3. The same practice prevails in Nebraska, Michigan, Alabama and Pennsylvania. *Grimes v. Farrington,* 19 Neb. 44 (26 N. W. Rep. 618); *Genesee Savings Bank v. Barge Company,* 52 Mich. 164 (17 N. W. Rep. 790); *Harmon v. Jenks,* 84 Ala. 74 (4 So. Rep. 260); *Holland v. White,* 120 Pa. St. 228 (13 Atl. Rep. 782).

That the writ of attachment in this case was properly dissolved upon motion of one partner, see *Sears v. Gearn,* 7 How. Pr. 383; *Holland v. White,* 120 Pa. St. 228 (13 Atl. Rep. 782); *Capehart v. Dowery,* 10 W. Va. 130. It has been held that a plea by one partner that he had not absconded, although admitting that the other party had absconded, was sufficient to work a dissolution of the writ of attachment against the firm property. *Leach v. Cook,* 10 Vt. 239; Drake on Attachment (5th ed.), § 53; *Bogart v. Dart,* 25 Hun, 395.

That none of the evidence upon which the hearing was had in the lower court has been brought to this court, and that nothing in the nature of evidence can be considered in this court upon appeal, we shall content ourselves with citing the following authorities: Code, 1881, § 464; Laws, 1883, p. 59; *Walsh v. Hutchings,* 60 Cal. 228; *Joyner v. Van Alstyne,* 20 Neb. 578 (30 N. W. Rep. 944); *Thompson v. Reno Savings Bank,* 19 Nev. 293 (9 Pac. Rep. 883); *Edwards v. Smith,* 48 Wis. 254 (3 N. W. Rep. 758); *Fish v. Benson,* 71 Cal. 428 (12 Pac. Rep. 454); *McLarty v. Prior,* Tex. Nov. 23 1886 (2 S. W. Rep. 752); *Pardy v. Montgomery,* 77 Cal. 326 (19 Pac. Rep. 530); *Barber v. Briscoe,* 8 Mont. 214 (19 Pac. Rep. 589); *McConnell v. Huntington,* 108 Ind. 405 (8 N. E. Rep. 620).

The opinion of the court was delivered by

ANDERS, C. J.—This was an action by appellant against appellees, who were partners, upon an account for goods, wares and merchandise sold and delivered. Before judg-

ment, plaintiff filed his affidavit and bond, and caused a writ of attachment to be issued and levied upon certain personal property alleged to have been fraudulently disposed of by defendants. The grounds for the issuance of the writ, as stated in the affidavit of the plaintiff, were— (1) that the defendants had disposed of their property with intent to defraud, hinder and delay their creditors; and (2) that defendants were guilty of a fraud in contracting a certain portion of the indebtedness mentioned in the complaint. One of the defendants appeared in the action and applied to the court upon motion, supported by his affidavit to discharge the attachment upon two grounds: (1) "That the affidavit in the said cause is insufficient upon its face;" and (2) "that the grounds for said attachment alleged in said affidavit are not true." The affidavit by the defendant in support of his motion, controverting the allegations contained in plaintiff's affidavit for attachment, was attacked by plaintiff for alleged insufficiency by motion to strike it from the files. The reasons assigned in the latter motion were that no facts were stated in said affidavit showing, or tending to show, that the attachment was improperly or irregularly issued, and that the facts therein set forth stated an issue triable by a jury, and which the plaintiff demanded to have so tried. The court overruled the motion to strike, and proceeded to hear the motion to discharge upon affidavits and counter-affidavits only. This action of the court is relied on by appellant as sufficient ground for the reversal of the order discharging the attachment; but we think the court committed no error in this proceeding. It is true that the issues raised by the pleadings in an ordinary action at law must be tried by a jury unless a jury is waived; but an attachment proceeding is not an action, but only a proceeding ancillary to an action, and does not in any manner affect the main issues in the case. A motion to discharge an attachment is addressed to the consideration of the court or judge, and our

statutes does not contemplate the interposition of a jury to determine it, or to aid in its determination. The statute provides two methods by which an attachment may be discharged. One is by the defendant filing a bond, with sufficient sureties, to be approved by the officer having the attachment, or, after the return thereof, by the clerk, to the effect that he will perform the judgment of the court; and the other is by an application on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued. Laws 1885–86, p. 45, §§ 29, 31. And it is further provided that "if the motion be made upon affidavits upon the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to those on which the attachment was issued." *Id.*, § 32. The latter provision of the statute was followed in this instance by the court below; and this practice was approved by this court in the case of *Hansen v. Doherty*, decided at its last session, and reported in 1 Wash. 461 (25 Pac. Rep. 297). We are satisfied with that decision, except the closing portion thereof, wherein it is stated that "we see no reason why the defendant may not set forth specifically in his notice and motion the fact showing wherein the attachment was improperly issued, and prove the same by the testimony of witnesses before the court." This is an inaccurate statement, and liable to mislead. When the motion to discharge is made upon affidavits, the plaintiff may oppose the same by affidavits or oral testimony; but the defendant has no right, in the first instance, to introduce any testimony, other than affidavits, in support of his motion. The practice of hearing motions to dissolve attachments by the court, without a jury, upon affidavits and counter-affidavits, or other evidence, obtains in many of the

states.  See *Holland v. White,* 120 Pa. St. 228 (13 Atl. Rep. 782, 783); *Grimes v. Farrington,* 19 Neb. 44 (26 N. W. Rep. 618); *Genesee Co. Sav. Bank v. Michigan Barge Co.,* 52 Mich. 164 (17 N. W. Rep. 790, and 18 N. W. Rep. 206); *Hardesty v. Campbell,* 29 Md. 533; *Baer v. Otto,* 34 Ohio St. 11; Drake, Attach. (6th ed.), §§ 401–403.

It is insisted by appellant that that part of defendant's motion based on the ground "that the said affidavit in the said cause is insufficient upon its face" states no fact, and that it is but a conclusion; and we think the view of counsel in that particular is correct, and, if that had been the only ground of the motion, it would have been manifestly insufficient.  The insufficiency of plaintiff's affidavit should have been distinctly and explicitly pointed out, so as to have enabled him to avail himself of the right of curing by amendment any defects appearing in his affidavit or bond.

Appellant further contends that, even if it be conceded that the court below did not err in hearing the motion to discharge the attachment upon affidavits, still the proof shows that the attachment ought to have been sustained; but, in answer to that contention, it is only necessary to remark that there is in the record neither a certified statement of facts nor a bill of exceptions, and that there is, therefore, no evidence properly before us.  The statute makes the bond of the defendant for the return of attached property a part of the record, but not the affidavits used on the hearing upon the motion to discharge.  The latter, to be available on appeal, must be brought up as other facts, by a statement or bill of exceptions.  *Fish v. Benson,* 71 Cal. 428 (12 Pac. Rep. 454).  Besides, if we concede that the transcript contains all the testimony, we nevertheless cannot say that the ruling of the court was not warranted by the evidence.  Appellant also contends that in no event should the attachment have been dissolved upon the motion and affidavit of but one of the defendants.

The practice, however, is sanctioned by authority, and we see no reason for holding to the contrary. See Drake, Attachm. (6th ed), § 53; *Holland v. White, supra.*

But there is a jurisdictional question involved in this controversy, which, though not raised by counsel in this proceeding, ought to be considered. It is whether the order appealed from can be reviewed by this court, and a negative answer will be decisive of this appeal. Our statute for the removal of causes from the superior to the supreme court, as amended March 22, 1890, provides that an appeal may be taken to the supreme court from the superior courts "in all actions and proceedings," with certain exceptions and limitations, not pertinent to the question now before us. See Laws 1889–90, pp. 333, 336. And we are of the opinion that the word "proceedings," in contradistinction to "actions," must be taken to include not the orders of the court in matters arising in the progress of the action, or merely incident or ancillary thereto, but only those matters outside of ordinary actions, and commonly known as "special proceedings." We cannot think that the constitution of the state, which is in substantially the same language as to appeals as the statute, contemplates the review by this court, at least without express legislation, before final judgment, of orders discharging or sustaining attachments, or of any other orders not affecting the merits of the action. The supreme court of California, having before it an appeal from an order refusing to dissolve an attachment, says: "The attachment is merely a proceeding ancillary to the action, by which a party is enabled to acquire a lien for the security of his demand by a levy made before, instead of after, the entry of judgment. This ancillary proceeding may be taken at the time of the commencement of the action or at any time afterwards. Neither the action nor the judgment, under our law, in any manner depends upon the attachment,

although the attachment depends upon the judgment. The judgment in the case is precisely the same whether the attachment is dissolved or not. In those states where the attachment is used as a process for acquiring jurisdiction, the consequences of dissolving or refusing to dissolve an attachment might be different." *Allender v. Fritts,* 24 Cal. 447. The appeal in that case was dismissed on the ground that it was not warranted by the statute, and we think the language used by the court is peculiarly applicable to the case now before us. We are aware that appeals from orders discharging or sustaining attachments are provided for by statute in some of the states; and it may be said that our statute is broad enough to cover such cases. Our reply is: It is broad enough, but too indefinite. Taken in a literal sense, it would permit an appeal from any and every interlocutory order and decision made in the progress of an action. Ordinarily speaking, every step taken in an action is a proceeding; and, if every proceeding were appealable, then this court might be compelled to sit in judgment upon the ruling of the lower court in changing the place of trial of an action, or in overruling a demurrer. We do not believe the legislature intended that the word should be understood in any such sense. But we do believe that the court should not depart from the well known and established principles of the common law, and permit a cause to be brought before it by piecemeal for review, unless clearly authorized so to do by legislative enactment. It is true, we entertained a similar appeal in the case of *Hansen v. Doherty,* above mentioned; but in that case the question of jurisdiction, not having been raised or considered, was not passed upon by the court. The order of the court below not being reviewable by this court, the appeal must be dismissed at the cost of appellant.

STILES, DUNBAR, and HOYT, JJ., concur.

SCOTT, J., concurs in the result.