[No. 3341.    Decided December 6, 1899.]

A. J. BENDER, *Respondent,* v. GEORGE W. RINKER, *Defendant,* E. J. VOSS, *Appellant.*

ATTACHMENT—MOTION TO DISCHARGE—BURDEN OF PROOF.

Where a motion to discharge an attachment is presented, supported by affidavits challenging the existence of the grounds upon which the attachment has issued, it becomes the duty of the plaintiff to establish one or more of such grounds by a fair preponderance of the evidence at the hearing.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.    Reversed.

*Crow & Williams,* for appellant.

*Nash & Nash,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Respondent in this action, plaintiff in the lower court, sued one G. W. Rinker and appellant, E. J. Voss, to recover on two causes of action for goods alleged to have been sold and delivered to defendants between February 1 and March 7, 1899; the first cause of action being for goods sold by the plaintiff, and the second for goods sold by the firm of King & Schneider, whose account had been assigned to the plaintiff prior to the commencement of the action.    Upon affidavit of plaintiff an attachment was issued, and levied upon certain personal property.    Thereafter the appellant appeared in the action and moved to discharge the attachment for the reason that the same was improperly and improvidently issued.    The motion to discharge the attachment was heard upon affidavits and denied, and the present appeal is from that order.

The grounds of attachment, as set forth in the affidavit, are:

" First—Defendants have assigned, secreted and are about to assign, secrete and dispose of their property with intent to delay and defraud their creditors.     Second— that said defendants are about to convert their property or a portion thereof into money for the purpose of placing it beyond the reach of their creditors.     Third—That the defendants have been guilty of a fraud in contracting the debt sued on herein and for which this action is brought."

Neither the complaint in the action, nor the affidavit for the attachment, contains any allegation of partnership existing between the defendants.     The affidavits offered in support of appellant's motion to discharge set forth that he was not a partner in the business, or indebted to the plaintiff in any sum whatever, and that he had not been guilty of any of the acts which are set forth in plaintiff's affidavit as grounds for the attachment.     The sole effort of the plaintiff at the hearing of the motion to discharge seems to have been directed to showing that the appellant was a partner of Rinker at the time when the indebtedness was incurred.     It appears also from the record that that is the sole issue in the main action; and because there has been a verdict in the main action, which verdict was set aside by the court and an appeal therefrom taken to this court and the order affirmed, we deem it inadvisable to enter upon a discussion of the evidence bearing upon the question of appellant's liability.     Nor is it necessary for a determination of the present appeal that we should do so, because, conceding for the purposes of this appeal that the affidavits used at the hearing upon the motion to discharge established appellant's liability for the indebtedness, they certainly failed to establish any of the grounds for attachment set forth in the affidavit upon which the writ issued.     There is absolutely no proof upon which the court would be warranted in finding either that appellant had made, or was about to make, any fraudulent disposition of his property, or was guilty of any of the

acts which were alleged as constituting the grounds for the attachment. The remedy of attachment is, in its nature, harsh. The right to employ it as a means for the enforcement of a liability exists only when the defendant in the action has been guilty of some of the acts enumerated in the statute (Bal. Code, § 5351). It is true that, by express direction of the statute (§ 5380), the chapter upon attachments is to receive a liberal construction; and we think a fair construction of the chapter requires us to hold that where a motion to discharge is presented, supported by affidavits challenging the existence of the grounds upon which an attachment has issued, it becomes the duty of the plaintiff to establish one or more of such grounds by a fair preponderance of the evidence at the hearing. Tested by this rule, the attachment in the present case must fall.

The order denying the motion to discharge will be reversed and the cause remanded, with direction to the lower court to grant the motion and discharge the writ.

DUNBAR, FULLERTON and REAVIS, JJ., concur.