[No. 8133.   Department One.   December 20, 1909.]

CHARLES WATSON, *Appellant*, v. JAMES SHELTON,
*Respondent*.[1]

ATTACHMENT—DISSOLUTION—AFFIDAVITS—SUFFICIENCY.  It is not
error to dissolve an attachment issued on the ground that the de-
fendant was about to convert certain real estate into money for the
purpose of placing it beyond the reach of his creditors, where the
affidavit for attachment was controverted by affidavit that the de-
fendant at no time attempted to sell the property, but desired his
creditors to receive the full amount to which they were entitled; as
the same sufficiently denies that he was about to convert the same,
etc.

Appeal from an order of the superior court for Lincoln
county, Holcomb, J., entered January 19, 1909, in favor of
the defendant, dissolving an attachment, after a hearing be-
fore the court.   Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

PER CURIAM.—This is an appeal from an order dissolving
an attachment.   The affidavit for attachment, after stating
the formal matters required in such cases and particularly
describing certain real property, alleged the ground of at-
tachment as follows: "Which said real estate the defendant
is about to convert into money for the purpose of placing it
beyond the reach of his creditors."   The affidavit in support
of the motion to dissolve the attachment averred, among other
things, that, "He [the defendant] has at no time attempted
to sell any of his property for the purpose of placing it be-
yond the reach of his creditors, or at all, that he has at all
times desired his creditors to receive the full amount to which
they are entitled," etc.   A counter affidavit filed by the ap-
pellant averred that, on the 17th day of November, 1908
(the attachment issued two days later), the respondent "Had
a tentative agreement or contract, to sell the property upon

[1]Reported in 105 Pac. 850.

which the attachment was levied," etc.  Based on the foregoing affidavits, the contention of the appellant is, that the respondent did not deny that he was about to convert his real property into money.  We cannot agree with this contention.  While the respondent did not in express terms controvert the averments of the attachment affidavit, he did deny that he at any time attempted to sell any of his property, and we fail to see how a person can convert real property into money except through the medium of a sale.

In our opinion there was a direct and explicit denial of the ground of attachment set forth in the original affidavit, and the court committed no error in the ruling complained of. The order discharging the attachment is therefore affirmed.