[No. 14885.  Department Two.  January 9, 1919.]

FAWKNER, CURRIE & COMPANY, INCORPORATED,
*Appellant*, v. SANITARY FISH COMPANY
*et al., Respondents.*[1]

ATTACHMENT (33)—DISSOLUTION—GROUNDS—MOTION.  A motion to discharge an attachment on the ground that it was "improperly or irregularly issued," as authorized by Rem. Code, § 674, is sufficient where it was supported by affidavits traversing the plaintiff's allegations of attachment.

SAME (39-1)—DISSOLUTION—EFFECT OF AFFIDAVITS.  It is not error to discharge an attachment where the affidavit therefor traversed every material allegation of the plaintiff tending to support the attachment, without equivocation or evasion.

Appeal from an order of the superior court for Skagit county, Brawley, J., entered March 29, 1918, upon findings in favor of the defendants, dissolving an attachment, after a hearing before the court.  Affirmed.

*Dudley G. Wooten,* for appellant.

HOLCOMB, J.—Appellant seeks a reversal of a final order of the court below, dissolving and discharging a writ and levy of attachment upon 1,865 cases of salmon fish seized as belonging to the respondents. The original affidavit for attachment was based upon the ground that "defendants, acting in unlawful collusion, are about to assign, secrete, and dispose of their property with intent to delay and defraud their creditors, including plaintiff."  On March 16, 1918, respondents served and filed a motion to discharge the attachment, supported by affidavits, upon the statutory ground (Rem. Code, § 673), "that the writ of attachment was improperly or irregularly issued."  This

[1]Reported in 177 Pac. 708.

motion came on to be heard March 21, 1918, at which time, upon a showing by appellant, the hearing was postponed to March 28, 1918, and an order issued directing the sheriff to release from the levy all of the property in excess of the value of $1,200, appellant's cause of action being for the sum of approximately $600. On March 27, 1918, appellant served an amended complaint, and on March 28, filed an amended and supplemental affidavit for attachment before the hearing on that day of the motion to discharge, which amended and supplemental affidavit for attachment made the following additional allegations:

"That, prior to March 1, 1918, defendants had assigned, secreted and disposed of a part of their property with intent to delay and defraud their creditors; and prior to March 1, 1918, defendants had converted a part of their property into money for the purpose of placing it beyond the reach of their creditors and to delay and defraud their creditors; and that prior to March 1, 1918, and since that date, defendants were about to convert a part of their property into money for the purpose of placing the same beyond the reach of their creditors and to delay and defraud their creditors."

Voluminous counter affidavits were filed by respondents in support of their motion to discharge the attachment, traversing at length and in detail the allegations of the amended complaint and the affidavit for attachment of appellant tending to show collusion for the purpose of delaying and defrauding their creditors, and denying that they had disposed of any part of their property with intent to delay and defraud creditors, or converted the same into money for the purpose of placing it beyond the reach of and to delay and defraud creditors, or that they were about to convert a part of their property into money for such purpose. Voluminous affidavits were also filed by appel-

lant, attempting to establish the transactions referred to therein as fraudulent and collusive and committed with the intent of defrauding the creditors. Upon the reading of the affidavits on the hearing, the court made findings of fact and conclusions of law in favor of respondents, and discharged the writ and levy of attachment.

Appellant objected to the original motion to discharge the attachment, upon the ground that the same presents no issue to be tried, since it did not state facts sufficient to entitle defendants to any relief, or to raise any issue of law or fact, which objection was by the court overruled and plaintiff excepted. Thereupon defendants moved for leave to amend and amplify their motion to discharge the attachment, which was granted by the court, and to which plaintiff excepted, and the motion to discharge was thereupon amended by adding the words "and the said writ of attachment was improperly issued and was issued upon an affidavit which is untrue, and no fact ever existed, or now exists, which entitled, or now entitles, the plaintiff to the writ of attachment herein." This motion was supported by several affidavits on the part of respondents. The court thereupon proceeded to the hearing, and both parties read their affidavits in evidence.

We are unaided by any brief or argument on behalf of respondents.

It seems to be contended by appellant that the motion to discharge the attachment in itself should contain all the elements of a traversing pleading. This is not correct. The statute heretofore cited provides that the motion to discharge the attachment shall be upon the ground that the same was improperly or irregularly issued. When the motion is based upon

affidavits only, it is unnecessary for the motion itself to be more precise than the statutory language, but the affidavits must specifically and precisely show that there existed no grounds for attachment as alleged. It is further provided (Rem. Code, § 674) that:

"If the motion be made upon affidavits upon the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to those on which the attachment was issued."

That provision was followed by the defendants in this case, providing for supporting the motion by affidavits, which, authorized plaintiff to oppose the same by affidavits or other evidence in addition to those on which the attachment was issued. This procedure was followed, and the objection of appellant was untenable. This practice was approved by this court in the cases of *Hansen v. Doherty*, 1 Wash. 461, 25 Pac. 297; and *Windt v. Banniza*, 2 Wash. 147, 26 Pac. 189.

The original motion to discharge the attachment, being supported by affidavits traversing the affidavits of appellant, was sufficient under our statute. There was, therefore, no error; and, indeed, there was no necessity to permit respondents to amend and amplify the motion to discharge the attachment, as was done.

It is vigorously contended by appellant that the proofs by respondents by affidavits were insufficient, in fact and in law, to justify the findings and conclusions supporting the order to discharge the attachment. A careful examination of the record discloses that the respondents traversed every material allegation on the part of the appellants tending to support the attachment, without equivocation or evasion. It was also shown by corroborating affidavits by other

affiants concerned in the transactions that the fish levied upon under the writ of attachment had never been the property of the Sanitary Fish Company, but was the property of a concern called Syme, Eagle & Company, which had contracted with defendant Carroll personally to re-can and re-condition the fish on account of its having been damaged and rendered unmarketable prior to December 14, 1917, when it was purchased by that company, and that the only interest defendant Carroll had in the salmon arose out of his contract to re-can and re-condition it for Syme, Eagle & Company, and that no part of the fish seized had ever been the property of either of the defendants.

It was held in *Watson v. Shelton,* 56 Wash. 426, 105 Pac. 850, that it was not error to discharge an attachment issued on the ground that the defendant was about to convert property into money for the purpose of placing it beyond the reach of his creditors, where the affidavit of attachment was controverted by affidavit showing that no attempt had been made to sell property and that the debtor desired his creditors to receive the full amount to which they were entitled. It is there held that, there being a direct and explicit controversion of the ground of attachment set forth in the original affidavit, no error was committed in discharging the writ of attachment. The same principle applies here.

No error was committed by the trial court upon the showing made before him discharging and dissolving the writ of attachment. The order is therefore affirmed.

MAIN, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.