[No. 16553.  Department One.  March 8, 1922.]

STATE BANK OF GOLDENDALE, *Respondent*, v. JAKE N. BEEKS *et al., Appellants.*[1]

APPEAL (272)—RECORD—AFFIDAVITS. Evidentiary affidavits used on a motion to discharge or sustain an attachment, to be available on appeal, must appear in the record by a statement of facts or a bill of exceptions.

ATTACHMENT (39-1) — DISSOLUTION — EFFECT OF AFFIDAVITS. Though the burden of sustaining the grounds of a controverted attachment are upon the party procuring it, an explanation by the defendant of the material allegations of the procuring affidavit for attachment is not sufficient to discharge the writ.

APPEAL (45)—DECISIONS REVIEWABLE—INTERLOCUTORY ORDERS. An order refusing to strike interrogatories being interlocutory, no appeal lies therefrom in advance of appeal from the final judgment.

Appeal from orders of the superior court for Klickitat county, Kirby, J., entered January 27, 1921, denying motions to dissolve an attachment and to strike in-

[1] Reported in 204 Pac. 771.

terrogatories, after a hearing before the court. Affirmed.

*Chas. F. Bolin* and *Cull & Barnett*, for appellants.

*John R. McEwen* and *McMaster, Hall & Schaefer*, for respondent.

FULLERTON, J.—On July 16, 1920, the plaintiff, State Bank of Goldendale, began an action in the superior court of Klickitat county against the defendant Earl E. Redlinger, to recover the sum of $4,147.60, with interest. At the time of filing the complaint, it caused a writ of attachment to issue against the property of the defendant, alleging in its affidavit in support of the writ, (1) that the defendant is about to assign, secrete and dispose of his property with intent to delay and defraud his creditors; (2) that the defendant is about to convert a part of his property into money for the purpose of placing the same beyond the reach of his creditors; and (3) that the defendant has been guilty of fraud in incurring the obligation for which the action the defendant. Later, and after the defendant had appeared and demurred to the complaint, and had moved to strike the interrogatories, the plaintiff filed an amended complaint in which it made Jake N. Beeks a party to the action, and in which it stated its cause of action somewhat more fully and in detail than it stated it in its original complaint. In December following, the defendant Redlinger moved to dissolve the attachment, supporting its motion by his affidavit in which he controverted the allegations of fraud set forth in the plaintiff's affidavit. Later the plaintiff filed affidavits in opposition to the motion. The motion to dissolve the attachment and the motion to strike the inter-

rogatories came on to be heard before the trial court on January 20, 1921, at which time the court denied the motions. This appeal is from the orders entered to that effect.

With regard to the motion to dissolve the attachment, the appellant contends that the burden of supporting the grounds of the attachment rests upon the plaintiff and that he has not maintained the burden. It would possibly be a sufficient answer to the objection to say that the evidentiary affidavits are not before us. The statute does not make the evidentiary affidavits used on a motion to discharge or sustain an attachment a part of the record. These to be available in this court must be brought up as other facts, by a statement of facts or a bill of exceptions (*Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189), and here they appear only in the transcript over the certificate of the clerk. But since the respondent has not made the objection, we have examined the affidavits certified and are convinced, as the trial judge was convinced, that they tend strongly to support the charge of fraud. The facts involve the merits of the action, and for that reason will not be detailed or further commented upon here. It is sufficient to say we see no reason for reversing the order for the reason urged.

The appellant seems to contend that it was only necessary to controvert and explain the material allegations of the procuring affidavit in order to be entitled to a discharge of the attachment. The cases of *Nettleton v. Howe,* 81 Wash. 32, 142 Pac. 450; *Fawkner, Currie & Co. v. Sanitary Fish Co.,* 105 Wash. 88, 177 Pac. 708; and *Bender v. Rinker,* 21 Wash. 633, 59 Pac. 503, are cited in support of the contention. But these cases, in so far as they are pertinent to the question, go no further than to hold that the burden of sustaining the

grounds of the attachment, when controverted, are upon the party procuring the attachment.

With regard to the appeal from the order refusing to strike the interrogatories, we agree with the respondent that such an order is interlocutory and not appealable in advance of an appeal from the final judgment in an action.

The orders appealed from will stand affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.