[No. 19114.   Department Two.   February 13, 1925.]

WILLIAM HALL, *Respondent,* v. H. G. RAETTIG,
*Appellant.*[1]

ATTACHMENT (39-1)—DISSOLUTION—GROUNDS FOR WRIT—AFFI-
DAVITS—SUFFICIENCY. It is error to refuse to dismiss an attachment,
issued on the ground that the defendant was about to dispose of
his property with intent to defraud his creditors, where the affidavit
is denied, raising a question of fact, and plaintiff having the bur-
den of proof, did not sustain the same by any oral or by a fair pre-
ponderance of the evidence.

SAME (39-1). In such a case, the burden of proof cannot be sus-
tained by an affidavit which was not presented or considered on the
hearing, or material to the hearing, and was made upon informa-
tion and belief.

Appeal from an order of the superior court for
Thurston county, Wilson, J., entered September 13,
1924, denying a motion to discharge a writ of attach-
ment, after a hearing to the court. Reversed.

*Harry L. Parr* and *H. G. Raettig,* for appellant.

*R. H. Fry,* for respondent.

[1]Reported in 233 Pac. 14.

MACKINTOSH, J.—This cause comes here on the denial by the trial court of the appellant's motion to dismiss an attachment.

It appears from the record that the respondent is suing for damages for a tort and, at the commencement of the action, caused real estate belonging to the appellant to be attached. This attachment was dismissed, the respondent having failed to give a bond as required by law, and a second writ was issued based upon the proper bond and the affidavit which already had been filed to secure the first writ. The appellant moved to discharge the second writ of attachment, and the court's action in failing so to do is here for review.

Appellant raises several questions, including: the right of attachment for tort, the right to issue a second writ, the validity of a writ based upon an affidavit upon which an attachment had been previously secured and dismissed, and whether a writ of attachment can be issued upon an affidavit which states the cause of the attachment in the alternative. But, as we view it, there is but one of the assigned errors which it is necessary to consider, as a disposal of that must result in a reversal of the trial court. That error is this: that the evidence did not support the ground of attachment set out in the respondent's affidavit. The record shows this situation; that the affidavit for attachment alleges in the language of the statute and very briefly that the appellant "is about to assign, secrete or dispose of his property with attempt to delay or defraud his creditors, and is about to convert his property or a part of it into money for the purpose of placing it beyond the reach of his creditors." This is the only affidavit presented by the respondent, and according to the certificate of the trial court, "no oral evidence was had at any time in connection with said motion to dismiss."

Controverting this affidavit, the appellant presented his affidavit in support of his motion to dismiss and dissolve the attachment herein, and positively and categorically denies the statement that he is indebted to the respondent and that he is about to assign, secrete or dispose of his property with intent to defraud his creditors, or is preparing to convert it, or any part of it, into funds for the purpose of placing them beyond the reach of his creditors.

As we have heretofore held, these two affidavits raised a question of fact which the court was compelled to consider as any other question of fact, the respondent having the burden of proof of establishing the statements made in his affidavit.

In *Bender v. Rinker,* 21 Wash. 633, 59 Pac. 503, the rule is announced in this language:

"The remedy of attachment is, in its nature, harsh. The right to employ it as a means for the enforcement of a liability exists only when the defendant in the action has been guilty of some of the acts enumerated in the statute. . . It is true that, by express direction of the statute. . . the chapter upon attachments is to receive a liberal construction; and we think a fair construction of the chapter requires us to hold that where a motion to discharge is presented, supported by affidavits challenging the existence of the grounds upon which an attachment has issued, it becomes the duty of the plaintiff to establish one or more of such grounds by a fair preponderance of the evidence at the hearing. Tested by this rule, the attachment in the present case must fall."

It is, of course, true, as stated by this court in *Bingham v. Keylor,* 25 Wash. 156, 64 Pac. 942, that:

"When the court below is called upon to determine facts on a motion to discharge the writ of attachment, every presumption must be in favor of the conclusion reached by that court, unless the contrary clearly appears."

But, as we view the record, there is nothing at all which substantiates the respondent's affidavit. The record made by him does not present any evidence sufficient to meet the issue raised by the appellant's denial, and there was certainly no preponderation of the evidence in favor of respondent's declaration, and we therefore are compelled to hold that the court was in error in refusing to dismiss and discharge the attachment.

The decisions of this court in the following cases support this conclusion: *Nichoson v. Erickson,* 56 Wash. 419, 105 Pac. 836; *Watson v. Shelton,* 56 Wash. 426, 105 Pac. 850; *Nettleton v. Howe,* 81 Wash. 32, 142 Pac. 450; *Fawkner, Currie & Co. v. Sanitary Fish Co.,* 105 Wash. 88, 177 Pac. 708; *Hogue v. McAllister,* 122 Wash. 347, 210 Pac. 671.

There is one matter, however, in the record which respondent claims should be taken into consideration as corroborative of his affidavit. It appears in the form of an affidavit made by the attorney for the respondent at the time of the hearing of the motion to dismiss the first writ of attachment. In that affidavit the attorney states that the respondent cannot be present at that hearing and that affiant, on information and belief, alleges that the respondent would testify, if he were present, that the appellant had made statements that he was ready to sell the attached property at a low figure; that the property really did not belong to him but was his sister's, and that he kept the funds in some bank outside the county of his residence, and that he had no property other than the attached property in the state of Washington.

There are several reasons why this affidavit is of no assistance to respondent. In the first place, it was not presented upon the hearing on the motion to dissolve the second writ of attachment; and in the second place,

it does not appear from the court's certificate that it was considered by him on the second motion; in the third place, it does not appear that the continuance of the first motion was denied upon the ground that the appellant agreed that the respondent, if he were present, would testify to any such state of facts; and in the fourth place, it is an affidavit made by a party, not as of his own knowledge, but upon his information and belief, and, to our view, adds nothing to respondent's showing.

Under all the circumstances, the court should have discharged the attachment, and for that reason the judgment is reversed.

TOLMAN, C. J., MITCHELL, PARKER, and HOLCOMB, JJ., concur.