## DOOLITTLE v. GREENE.

Pleading: CONSTRUCTION OF. Under the provisions of our statute (Rev., § 2951) the common-law rule, that every pleading is to be construed most strongly against the pleader, does not apply.

*Appeal from Cerro Gordo District Court.*

### WEDNESDAY, JULY 26.

THE plaintiff filed, in the Cerro Gordo district court, a petition, as follows: "Plaintiff claims of the defendant the sum of $64.   *   *   *   ·And for cause thereof states that, on the 15th day of October, 1867, defendant set fire to prairie land near his residence in said county, and allowed said fire to escape from his control, whereby said fire spread to and consumed sixteen tons of hay, the property of plaintiff, of the value of $4 per ton, to plaintiff's damage $64."·

The defendant answered as follows: "Said defendant alleges that he is not indebted to plaintiff in the sum of $64   *   *   *   or any other sum; denies that he did, on the 15th day of October, 1867, set fire to prairie land, by which the hay of plaintiff was burned or destroyed, and plaintiff damaged in any sum; and that he did not, at the time stated, or at any other time, set fire to the prairie, to the damage of the plaintiff or any other person."

The cause was tried without the intervention of a jury, and the court found: 1st, that the proofs showed that the

plaintiff was not the owner of the hay in question; 2d, that the ownership of the hay is not denied in the answer.

Judgment was rendered for plaintiff in the sum of $41.85. Defendant appeals.

*Starr & Patterson*, and *Stanberry, Gibson & Stanberry*, for the appellant.

*Card & Miller* for the appellee.

DAY, Ch. J. — The answer is not drawn with much technical precision. It would not, probably, stand the rigid test of the common law, which construes every pleading most strongly against the party interposing it. But this rule does not obtain under our system of procedure. "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantive justice between the parties." Rev., § 2951. "The language of a pleading is to have a reasonable intendment and construction; and, when a matter is capable of different meanings, that shall be taken which shall support the pleading, and not that which will defeat it." *Allen* v. *Patterson*, 3 Seld. 480. The answer denies that the defendant did, *on the* 15*th day of October*, 1867, set fire to prairie land, by which the hay of plaintiff was burned. The answer is perfectly consistent with his doing the act upon the 14th or 16th of October, or upon any other day than the 15th; yet it contains a direct traverse of the statement of the petition, which alleges that the act was done *on the* 15*th of October*, 1867, and cannot be regarded as a mere nullity. *Mahana* v. *Blunt*, 20 Iowa, 142.

The petition alleges that defendant set fire to prairie land, whereby sixteen tons of hay, the property of plaintiff, were consumed. Defendant denies that he set fire to prairie land by which the hay of plaintiff was burned or destroyed. This is not simply a denial that defendant set

fire to prairie. It is a denial that he set out fire producing the consequences of which plaintiff complains, namely, the destruction of plaintiff's hay. The plaintiff does not make out a case, under the issues, by proving merely that defendant set out fire. He must go further. He must show that this fire resulted in his injury. He must prove that it destroyed property in which he had an interest. In a word, he must prove, as he has alleged, that the hay consumed, and for which he claims damages, was his property. The answer, although it does not, in terms, deny the ownership of the hay, does, in our opinion, contain such denial as casts upon plaintiff the burden of establishing all the material allegations in his petition. In holding otherwise the court erred.

The ruling of the court, construing the answer, presents the only question upon which error is assigned, and is the only one of which our consideration is now necessary or proper.

Reversed.