[No. 53.  Decided December 19, 1890.]

A. M. HANSEN AND J. B. HANSEN, *Co-partners*, v.
M. J. DOHERTY.

ATTACHMENT—DISCHARGE—AFFIDAVITS—ORAL TESTIMONY.

Where an affidavit in attachment alleges that the "defendant is about to assign, secrete and dispose of his property with intent to delay and defraud his creditors," an affidavit in support of a motion to discharge the attachment, averring that the defendant is not "about to assign, secrete and dispose of his property with intent to delay and defraud his creditors," raises no issue, as it, in effect, admits that the defendant is about to do any one of the acts mentioned, but not all of them conjointly.

Under the statutes of this state (Laws 1885-6, p. 45, ¿ 32), where a defendant in attachment has made a motion to discharge the attachment upon affidavit, he has no right to depart from that mode of proof, and introduce oral testimony in support of the motion.

*Appeal from Superior Court, Pierce County.*

The facts are fully stated in the opinion.

*Town & Likens*, for appellants.

*A. A. Knight*, for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—This action was brought by appellants against appellee to recover a balance alleged to be due on account of goods, wares and merchandise sold and deliv-

ered by the former to the latter. An affidavit and bond were duly filed, and a writ of attachment was issued on the following statutory grounds set forth in the affidavit: "That the defendant is about to convert his property into money for the purpose of placing it beyond the reach of his creditors. The said defendant is about to assign, secrete and dispose of his property with intent to delay and defraud his creditors."

The defendant applied to the court to discharge the attachment for the alleged reason that the same was improperly issued, and, in support of his motion, filed his own affidavit which contains this allegation: "And says he is not about to convert his property into money for the purpose of placing it beyond the reach of his creditors; neither is he about to assign, secrete and dispose of his property with intent to delay and defraud his creditors, as alleged in said affidavit of J. J. Hansen." In addition to the above affidavit, the defendant was permitted, over plaintiff's objection, to introduce oral testimony on the hearing of the motion. Having heard the testimony of the witnesses produced on both sides, the court made an order discharging the attachment, whereupon plaintiffs filed a motion for a new trial. The motion was overruled and exception duly taken. From the order discharging the attachment the plaintiffs appeal to this court.

Counsel for appellants claim that the truth of the allegations of the affidavit for attachment was not controverted or put in issue by the motion or affidavit of defendant, and that the attachment should therefore have been sustained. In this we think counsel are correct. The denials of the traversing affidavit should be as direct and positive as if the affidavit were an answer to a complaint in an ordinary action, and must be tested by the same rules of pleading. To allege that the defendant is not about to assign, secrete and dispose of his property with intent to delay and defraud his creditors, is, in effect, to admit that he is about

to do any one of the acts mentioned, but not all of them conjointly. Such a denial raised no issue, and the attachment should have been sustained on the grounds set forth in that portion of plaintiff's affidavit thus attempted to be traversed.

We are of the opinion that no oral testimony should have been admitted on the part of defendant, for the reason that there was no issue to be tried, and for the further reason that defendant, having made his motion to discharge upon affidavit, had no right to depart from that mode of proof. We do not think our statute contemplates that the defendant in attachment may support his motion to discharge both by affidavits and oral testimony. Laws 1885–6, p. 45, § 32. When the motion is made upon affidavits, the hearing should be had upon affidavits and counter affidavits. And such is the usual practice. But it would seem that the above is not the only course open to the defendant. Should he not desire to use affidavits on the hearing, we see no reason why he may not set forth specifically in his notice and motion the facts showing wherein the attachment was improperly issued, and prove the same by the testimony of witnesses before the court. The plaintiff would then be at liberty to support his original affidavit in like manner.

The order of the court below discharging the attachment is reversed, and the attachment proceedings remanded for further proceedings in accordance with this opinion.

HOYT, DUNBAR, STILES and SCOTT, JJ., concur.