JORDAN & McCARTHY v. DEWEY & STONE.

FILED MAY 15, 1894.    No. 4159.

1. **Attachment:** PLEADING. Attachment, though sometimes called an ancillary or auxiliary proceeding, is nevertheless, in all essential respects, a suit. The affidavit of a plaintiff made to obtain the writ of attachment, and the affidavit of a defendant, when made, denying the truth of the averments of the plaintiff, constitute the pleadings in the proceeding.

2. **Motion to Dissolve Attachment:** TRIAL: OPENING AND CLOSING. The party issuing the attachment is entitled to the opening and closing on the hearing of a motion to dissolve, and on him is the burden of proof. *Olds Wagon Co. v. Benedict*, 25 Neb., 372, followed. (*Dolan v. Armstrong*, 35 Neb., 339.)

3. **Attachment:** TRIAL ON MOTION TO DISSOLVE: ISSUES: EVIDENCE. Where the grounds for the issuing of an attachment are alleged in the language of the statute, and the defendant denies by affidavit the truth of the averments made to obtain such attachment, and moves to dissolve the same, the court before whom the proceeding is pending should by an order require the plaintiff in attachment, within a reasonable, fixed time, to file such affidavits or other evidence as he desires or relies upon to sustain the averments made by him to obtain the issuing of the attachment writ; and the defendant, in a reasonable, fixed time thereafter, to file such affidavits or other evidence as he desires or relies upon to traverse, explain, or avoid the case made by the plaintiff's evidence; and the plaintiff, in a reasonable, fixed time thereafter, to file such affidavits or other evidence as is applicable in rebuttal.

ERROR from the district court of Greeley county. Tried below before HARRISON, J.

*T. J. Doyle* and *M. B. Gearon*, for plaintiffs in error, cited: *Parmer v. Keith*, 16 Neb., 92; *Peru Plow & Wheel Co. v. Benedict*, 24 Neb., 345; Maxwell, Pleading & Practice, 508; *Wilson v. Shepherd*, 15 Neb., 15.

*J. R. Hanna*, contra, cited: Maxwell, Pleading & Practice [5th ed.], 508; *Dolan v. Armstrong*, 35 Neb., 339; *Olds Wagon Co. v. Benedict*, 25 Neb., 372; *Ellison v. Tallon*, 2 Neb., 14; *Steele v. Dodd*, 14 Neb., 496; *Johnson v. Steele*, 23 Neb., 82; *Holland v. Commercial Bank of Weeping Water*, 22 Neb., 571; *Mayer v. Zingre*, 18 Neb., 458; *Brome v. Cuming County*, 31 Neb., 363; *Pierpont v. Crouch*, 10 Cal., 315; *Leighton v. Walker*, 9 N. H., 59; *Bartlett v. King*, 12 Mass, 545; *People v. Van Nort*, 64 Barb. [N. Y.], 205; *Dexter & Limerick Plank Road Co. v. Allen*, 16 Barb. [N. Y.], 15; *Daviess v. Fairbairn*, 3 How. [U. S.], 636; *United States v. Tynen*, 11 Wall. [U. S.], 88; *United States v. Claflin*, 97 U. S., 546; *Wilson v. Shepherd*, 15 Neb., 15.

RAGAN, C.

Dewey & Stone brought an action in the district court of Greeley county against Jordan & McCarthy on two promissory notes of $250, each dated March 1, 1888, and due in thirty and sixty days. At the same time they filed an affidavit for and caused a writ of attachment to be issued and levied upon the property of Jordan & McCarthy. Jordan & McCarthy filed a motion to discharge this attachment, and at the same time filed an affidavit in which they denied the truth of all the allegations in the affidavit made by Dewey & Stone to obtain the attachment. Dewey & Stone then filed a number of affidavits in support of their attachment. Jordan & McCarthy then filed a number of affidavits explaining and tending to disprove the frauds charged by Dewey & Stone in their affidavits in support of their attachment proceeding. The affidavits so filed by

Jordan & McCarthy the district court, on motion of coun-
sel for Dewey & Stone, struck from the files and refused to
consider.   The motion to discharge the attachment was
overruled and judgment rendered in favor of Dewey &
Stone on the notes and an order made sustaining the attach-
ment, and Jordan & McCarthy bring the case here for re-
view.   Numerous errors are assigned, one only of which it
will be necessary to notice, viz : Did the court err in strik-
ing from the files and refusing to consider the affidavits of
Jordan & McCarthy filed by them traversing the facts set
up in the affidavits of Dewey & Stone in support of their
attachment proceeding?

Dewey & Stone in their affidavit for attachment alleged
the following grounds therefor against Jordan & Mc-
Carthy :

"1. That they were about to remove their property or a
part thereof out of the jurisdiction of the court with intent
to defraud their creditors.

" 2. That they were about to convert their property into
money for the purpose of placing it beyond the reach of
their creditors.

" 3. That they had property and rights in action which
they concealed.

"4. That they had assigned, removed, or disposed of
their property, or a part thereof, with intent to defraud
their creditors.

"5. That they had fraudulently contracted the debt or
incurred the obligation sued on."

The affidavits filed by Dewey & Stone to support these
wholesale charges of fraud contained no testimony to sup-
port any of them except the fifth,—that Jordan & McCar-
thy fraudulently contracted the debt sued on.   The testi-
mony on that point was as follows: In February, 1886,
the Bradstreet Mercantile Agency wrote to Jordan &
McCarthy, requesting them to inform it, the Bradstreet
Agency, of their—Jordan & McCarthy's—financial condi-
45

tion; their names; ages; their capital stock; their property; their liabilities, etc.; and enclosed them a blank for that purpose.   Jordan & McCarthy filled out this blank, signed it and returned it to the Bradstreet Agency.   In this blank, amongst other things, not material here, they stated that they had started into business on the 25th day of February, 1886, with a capital of $3,000; that they had succeeded one Moriarty; that they had never failed in business; that they estimated the value of the stock they had on hand at $1,000; that they had in cash at that time $600; that they owned three horses, two colts, twenty-five head of cattle, which they valued at $1,000; that they had just purchased the business they owned, a hardware stock, of one Moriarty and owed him $1,700 therefor, but would pay him $900 in sixty days and the balance in a year; that they had a fair stock on hand and owned two hundred and forty acres of good land, clear except a mortgage of $500, and that they did not owe any other debts.

The evidence of Dewey & Stone tended to show that after Jordan & McCarthy had made this statement to the Bradstreet Agency, the agency furnished the statement or a copy of it to them, Dewey & Stone, and that they gave Jordan & McCarthy credit for the debt sued on on the strength of this statement.   The record does not show just when the debt, evidenced by the two notes sued on by Dewey & Stone, was contracted.   The notes, however, as already stated, were dated March 1, 1888.   The evidence that Dewey & Stone gave this credit of March 1, 1888 to Jordan & McCarthy on the strength of a statement that they made to the Bradstreet Mercantile Agency in February, 1886, though competent evidence, it must be said was worth very little.   The evidence contained in the affidavits of Dewey & Stone also tended to show that the statement made by Jordan & McCarthy to the Bradstreet Agency in February, 1886, was false.   The affidavits filed by Jordan & McCarthy, and which the district court

struck from the files, were mainly directed to showing that the statement made by Jordan & McCarthy to the Bradstreet Agency in February, 1886, were true, and, it must be conceded, that Jordan and McCarthy in these affidavits, if the facts therein stated are true, showed beyond question that the statement made by them to the Bradstreet Agency was then in all material respects true. The learned district judge must have made the ruling that he did upon the theory that Jordan & McCarthy, at the time they filed their affidavit denying the truth of the allegations in the affidavits of Dewey & Stone for the attachment, were at that time compelled to file all the affidavits upon which they relied for a dissolution of the attachment, and that, therefore, Jordan & McCarthy had no right to file affidavits controverting the affidavits of Dewey & Stone filed in support of their attachment. Is this the rule? In Maxwell's Pleading and Practice, at page 508, that author states the rule as follows: " Where the motion to discharge the attachment is made upon affidavits on the part of the defendant, or other evidence and papers in the case, he should be required to file all the affidavits and evidence on which he intends to rely to secure a dissolution of the attachment." We do not think this rule is sound. It is not one calculated to protect the rights of parties nor to subserve the ends of substantial justice. The case at bar is an apt illustration. Here, Dewey & Stone, to secure an attachment, allege five distinct statutory grounds. How were Jordan & McCarthy to know what act of theirs Dewey & Stone relied upon as fraudulent? All that they could reasonably do in the first instance, it seems to us, was what they did do,—file an affidavit denying the allegations of fraud set out by Dewey & Stone and put them upon their proofs. It must be borne in mind that Dewey & Stone, in their affidavit for the attachment, stated no fact that would afford Jordan & McCarthy any notice as to what transaction of theirs Dewey

& Stone thought was fraudulent. They simply stated in their affidavit conclusions. These allegations were in the language of the statute and were sufficient; but the question we are dealing with is, how were Jordan & McCarthy to know as to what transactions of theirs Dewey & Stone relied upon to sustain their allegations of fraud? Can it be possible that Jordan & McCarthy, at the time they filed their motion to discharge the attachment, in order to meet the charge of Dewey & Stone that they had removed their property out of the jurisdiction of the court, were compelled to go into an explanation of all the sales and conveyances and incumbrances they had made of their property since they began business? Were they obliged to explain the sales of their stock and their real estate, if they made such sales, and show what they had done with the proceeds? And in order to meet the charge that they had rights in action which they concealed, were they obliged to schedule all their assets of every name and nature in order to anticipate what Dewey & Stone might possibly allege in their affidavits? And were they obliged to secure a copy of the statement made to the Bradstreet Agency two years before and set it out and then collect the proof to show that this statement when made was true, in anticipation of Dewey & Stone's offering in evidence facts to show that the statement made by them to the Bradstreet Agency was false? We do not think such a rule a just one. An attachment is sometimes called a special proceeding; sometimes an ancillary or auxiliary proceeding; but it is nevertheless, in all essential respects, an action or a suit. The affidavit required to be made for obtaining the issuing of the attachment writ is analogous to a petition, and the affidavit of a defendant, when made, denying the truth of the averments of the plaintiff corresponds to an answer, and these affidavits constitute the pleadings in the attachment proceeding. The party suing out the attachment is entitled to the opening and closing on a motion to dissolve, and on him is the

burden of proof. (*Olds Wagon Co. v. Benedict*, 25 Neb., 372; *Dolan v. Armstrong*, 35 Neb., 339.) When an affidavit is filed to procure an attachment, and the grounds for the issuing of such attachment are alleged in the language of the statute, and the defendant denies by affidavit the truth of the averments made to obtain such attachment, and moves to dissolve the same, the court or judge before whom the proceeding is pending should by an order require the plaintiff in attachment, within a reasonable, fixed time, to file such affidavits or other evidence as he desires or relies upon to sustain the averments made by him to obtain the issuing of the attachment writ; and the defendant, in a reasonable, fixed time thereafter, to file such affidavits or other evidence as he desires or relies upon to traverse, explain, or avoid the case made by the plaintiff's evidence; and the plaintiff, in a reasonable and fixed time thereafter, to file such affidavits or other evidence as is applicable in rebuttal. We think the learned district judge erred in striking from the files the affidavits of Jordan & McCarthy, for which ruling the judgment of the district court sustaining the attachment must be and is reversed.

REVERSED AND REMANDED.

HARRISON, J., not sitting.