[No. 6159. Decided July 24, 1906.]

R. C. O'BRIEN, *Respondent,* v. SEATTLE ICE COMPANY,
*Appellant.*[1]

PLEADINGS—ANSWERS—DENIALS—NEGATIVE PREGNANT. In an action
for personal injuries caused by defendant's runaway team, an an-
swer admitting the ownership of the team and denying that part of
the complaint (quoting the same) stating that the horses were wild
and ungovernable and were well known so to be by the defendant,
and had a habit of running away, is not bad as a negative pregnant,
under code provisions abrogating that doctrine, to the effect that the
pleadings shall be liberally construed, shall be subject to motion to
make more definite, and that no variance shall be material unless the
adverse party is misled to his prejudice; the answer sufficiently ad-
vising plaintiff of the allegations of the complaint he intended to
deny, and no motion to make more definite having been made.

SAME—MOTION TO MAKE MORE DEFINITE. Where an answer to a
complaint admits part of a paragraph and denies the remainder, and
there exists in the mind of the plaintiff any doubt as to the meaning
of such denial, it is his duty under Pierce's Code § 402, to move to
make the answer more definite and certain.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 19, 1905, upon the

1Reported in 86 Pac. 399.

verdict of a jury rendered in favor of the plaintiff for personal injuries sustained by the driver of a wagon struck by a runaway team. Reversed.

*W. H. Bogle* and *James A. Haight*, for appellant.

*Allen, Allen & Stratton*, for respondent.

DUNBAR, J.—This is an action for damages, alleged by plaintiff to have been suffered in consequence of the negligence of the defendant. The jury, upon the trial of the cause, under the instructions of the court, returned a verdict in favor of the plaintiff in the sum of $790. The second paragraph of the complaint is as follows:

"That on or about the 12th day of May, 1904, the defendant Seattle Ice Company was the owner of, and was operating, a certain team, consisting of a wagon and horses, in the city of Seattle, which team of horses was wild and ungovernable, and was well known by the defendant to be wild and ungovernable, and the said team of horses had a habit of running away, which fact was well known to defendant."

Other allegations were to the effect that, by reason of the character of the team and the incompetency and negligence of the driver, the injury complained of was brought about and the damage caused. The answer to paragraph 2 of the complaint is as follows:

"Defendant admits that part of paragraph 2 which states that on or about the 12th day of May, 1904, the defendant was operating a certain team consisting of a wagon and horses in the city of Seattle, but denies that part stating 'which said team of horses was wild and ungovernable, and was well known by the defendant to be wild and ungovernable, and the said team of horses had a habit of running away, which fact was well known to the defendant.' "

Upon this pleading the court instructed the jury that it was admitted that defendant's team of horses was wild and ungovernable and was well known by defendant to be wild and ungovernable, and that said team of horses had the habit of running away, which fact was well known to the defendant,

and this instruction of the court, among others, is alleged as error by the appellant. The court gave this instruction on the theory that the answer above quoted constituted a negative pregnant, and it is insisted by the appellant that this court has decided that in this state a negative pregnant, as an admission, cannot prevail, and cites *Hansen v. Doherty,* 1 Wash. 461, 25 Pac. 297, in support of that contention. In that case the question arose on the sufficiency of an answer to an affidavit in attachment, the affidavit alleging that the defendant was about to convert his property into money for the purpose of placing it beyond the reach of his creditors. In his application to discharge the writ of attachment the following allegation was made:

" 'And says he is not about to convert his property into money for the purpose of placing it beyond the reach of his creditors; neither is he about to assign, secrete and dispose of his property with intent to delay and defraud his creditors, as alleged in said affidavit of J. J. Hansen.' "

The court in disposing of the case said:

"The denials of the traversing affidavit should be as direct and positive as if the affidavit was an answer to a complaint in an ordinary action,' and must be tested by the same rules of pleading. To allege that the defendant is not about to assign, secrete and dispose of his property with intent to delay and defraud his creditors, is, in effect, to admit that he is about to do any one of the acts mentioned, but not all of them conjointly. Such a denial raised no issue, . . ."

While the court in that case went to the verge of technical construction, yet, it is plainly distinguishable from the case at bar, for it is true that, under an allegation of the defendant that he is not about to assign, secrete, and dispose of his property, under the ordinary construction of language, he might be about to either assign or secrete or dispose of his property with intent to delay and defraud his creditors. In accordance with the same reasoning, in *Seattle Nat. Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763, under an allegation that,

"Thereafter by several assignments and endorsements written on the back of the said warrant above set forth, the said warrant came into the possession of this plaintiff for presentation to and collection of the amount due thereon from the said city of Port Angeles,"

and the defendant answered,

"That whether said warrant came into the hands of plaintiff as alleged in paragraph No. 3, this defendant has no knowledge or information sufficient whereof to form a belief, and he therefore denies the same;"

it was held that this denial was insufficient to raise an issue, constituting, as it did, a negative pregnant; that it was an admission that the warrant came into the hands of respondent in some manner for the purpose alleged. But in that case there was a further allegation that,

"Thereafter the plaintiff, desiring to have presented and collected the said warrant as aforesaid, forwarded and delivered unto the bank of Port Angeles into the hands of one B. F. Schwartz, the then manager of said bank, the said warrant with the following indorsement thereon, to wit: 'For collection and credit, account of Seattle National Bank, Seattle, Wash. Signed: Robert G. Hooker, Cashier.' "

The answer to this paragraph was that,

"Whether the matters and things set forth in paragraph No. 4 of the plaintiff's complaint are true or false defendant has no knowledge or information sufficient whereof to form a belief, and he therefore denies the same."

and it was held that this was a sufficient answer to the allegation above quoted. It would have added nothing to the denial objected to in this case for the pleader to have stated that, whether the matters and things set forth in paragraph 2 (mentioning them) were true or false, defendant had no knowledge or information sufficient whereof to form a belief and therefore denied the same, and which such allegation would have been good under the doctrine announced in *National Bank v. Meerwaldt*. In the case at bar the denial is just as pronounced, for the whole allegation of the complaint

is quoted and a denial made of all the allegations. The fact that defendant admits a specified portion of the paragraph and denies the other specified portions would exclude the idea that it intended to admit all of them, and there could be but one construction of the language employed, viz., that it denied all that it said it denied.

The doctrine of negative pregnant is the doctrine of the common law and that, together with many of the fictions of the common law, has been abrogated by our statute, and a plain and simple construction of language based upon common sense understanding has been substituted. Our pleadings now consist of the simplicity of a statement of facts and a denial or admission of such statement. In the adoption of our code the lawmakers, under the title "Pleadings," Pierce's Code, § 370 (Bal. Code, § 4903), start out with the plain and positive announcement that,

"All the forms of pleadings heretofore existing in civil actions inconsistent with the provisions of this code, are abolished, and hereafter the forms of pleading and the rule by which the sufficiency of the pleadings is to be determined, shall be as herein prescribed."

Then one of the rules of sufficiency and construction is prescribed in Pierce's Code, § 401 (Bal Code, § 4930), which is to the effect that, in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties; and § 402 (Bal. Code, § 4932), provides that, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendments, or may dismiss the same. So that, if there had been anything indefinite or uncertain about the denial under discussion that would have raised a question in the mind of the plaintiff as to what was meant by the denial, the code provides the remedy, viz., a motion to make the pleading definite and certain. We do not think,

from the language of the answer, that there could have been any doubt in the mind of the plaintiff as to what was meant by the answer. If A writing a letter to B in relation to a team of horses which had committed a depredation, had said that the team of horses was wild and ungovernable and was well known to B to be wild and ungovernable, and that the said team of horses had the habit of running away, which fact was well known to B, and B had answered said letter, stating, "I confess that I was the owner of the horses spoken of, but deny that portion of your letter which says that the team of horses was wild and ungovernable, and that the team of horses had the habit of running away, which fact was well known to me;" it occurs to us that there would have been no room for doubt in the mind of A as to what facts were intended to be denied by B. Nor can there be any more room for doubt because the information is furnished to A in the shape of an answer to a complaint. When a party to an action is advised by his adversary, in such a manner that he understands what is meant by the allegations of the pleading, whether a complaint or answer, the requirements of the law are met, and the cause should be tried upon its merits. The main object of the law is to try lawsuits upon their merits, and not to throw litigants out of court upon technicalities which do not reach to the merits of the case.

Indeed, so tender is the law of the meritorious rights of litigants that it is provided, in Pierce's Code, § 420 (Bal. Code, § 4949), that no variance between the allegations in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. It has been universally decided under the code practice that, if pleadings are in ordinary language, as contradistinguished from legal technical language, they must be construed as meaning what is generally understood by ordinary language; and that has been the universal announcement by this court when ques-

tions of this kind have been presented, either in criminal or civil cases.

In *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976, it was held that, under our statute, pleadings must be liberally construed with an aim to arrive at substantial justice between the parties, and that it was no longer the rule that a pleading must be strongly construed against the pleader, quoting approvingly from the opinion of the court in *Chambers v. Hoover,* 3 Wash. Ter. 107, 13 Pac. 466, where, in speaking of the complaint in that case to which the demurrer had been interposed, it was said:

"The averments of this pleading are *vague* and *indefinite,* and it is defective in other respects; yet, when bolste.ed by the rule of liberal construction commanded by the code, we think we discern a cause of action. A suitor is no longer to be turned out of court, if by making all reasonable intendments in his favor enough can be seized hold of in his pleadings to show that he has rights which ought to be enforced. He may be required on motion to conform his statement to the rules of good pleading, . . ."

We there quoted approvingly also from *Trustees of School Section 16 v. Odlin,* 8 Ohio St. 296, where, under similar statutory provisions, the court said:

"The sufficiency of pleadings, under the code, as to certainty, precision, definiteness and consistency of allegation, and indeed in respect of every other variety of defect of allegations which does not amount to such an absolute omission of fact as to constitute no ground of action or defense, must be taken advantage of or objected to by motion . . ."

We think that this is almost the universal rule in the code states. It is the rule in New York, which was the original code state, where, in an action for damages caused by the negligence of the defendant in leaving a ditch open and unguarded in a highway, the complaint stated that the plaintiff fell into it without any fault or want of care on his part, the answer denied that the plaintiff, without any fault or want of care on his part, did fall therein; and it was held that

such ambiguity in an answer is a proper subject for a motion that it be made more definite and certain, and that when the plaintiff goes to trial without availing himself of that remedy the answer is to be taken most strongly against him. To the same effect are: *Stuber v. McEntee,* 142 N. Y. 200, 36 N. E. 878; *First Nat. Bank v. Hogan,* 47 Mo. 472; *Doolittle v. Greene,* 32 Iowa 123. In the last mentioned case it was said:

"The language of a pleading is to have a reasonable intendment and construction; and, when a matter is capable of different meanings, that shall be taken which will support the pleading, and not that which will defeat it."

We think that, under the allegations of this answer, plaintiff was advised of the fact that the defendant intended to deny the allegations of the complaint as set forth in paragraph 2, and that, in any event, if there had been any doubt as to the proper construction to be placed upon the answer, under the provisions of the code it was his duty to have moved to make the answer more definite and certain.

Under the pleadings and the further instructions of the court, the instruction complained of constituted reversible error. Other errors are assigned, but we have not been able to discover any merit in such assignments. For the error discussed the judgment will be reversed, and the cause remanded for a new trial.

MOUNT, C. J., CROW, ROOT, HADLEY, and RUDKIN, JJ., concur.