[No. 11752.   Department One.   August 10, 1914.]

FRANK NETTLETON *et al., Appellants,* v. CHARLES HOWE
*et al., Respondents.*[1]

ATTACHMENT—PLEADING—AFFIDAVITS—NEGATIVE PREGNANT. Where the procuring affidavit alleged, in the conjunctive, the statutory grounds for attachment, the affidavit supporting defendants' motion to dissolve the attachment is not bad as a negative pregnant in that a clause contained therein denied the allegations, also in the conjunctive, where it further alleged, in effect, matter negativing every allegation of the plaintiffs' procuring affidavit, and the same will be held sufficient to put in issue the allegations of plaintiffs' affidavit, under the statutory rules commanding a liberal construction of pleadings, and in the absence of a demurrer thereto or of a motion to make its denials more specific.

ATTACHMENT — DISSOLUTION — AFFIDAVITS — TRIAL — ISSUES AND PROOF. On hearing of a motion to dissolve an attachment, in which defendants' moving affidavit was a sufficient traverse of plaintiffs' procuring affidavit, thereby presenting an issue, the court committed no error in admitting defendants' evidential affidavits, and the burden of proof rests on the attaching party.

ATTACHMENT — GROUNDS — BURDEN OF PROOF — EVIDENCE — SUFFICIENCY. The plaintiffs failed to sustain the burden of proof showing grounds for a writ of attachment, where their single evidential affidavit averred facts not grounds therefor, and every material fact relied on to sustain the writ was sufficiently denied or explained by the defendants' controverting affidavits.

Appeal from a judgment of the superior court for Pacific county, Wright, J., entered August 25, 1913, dissolving an attachment, after a hearing upon affidavits.   Affirmed.

*Bond & Eddy,* for appellants.

*Lockerby & Couden,* for respondents.

ELLIS, J.—The plaintiffs brought an action against the defendants as a community, to recover upon a promissory note for $75, and a balance of $179.43, claimed upon an open account.   They sued out a writ of attachment, and

[1]Reported in 142 Pac. 450.

caused it to be levied upon the interest of the defendant Charles H. Howe in certain saw logs. The affidavit for the attachment alleged that the defendant "is about to assign, secrete, and dispose of some of his property with intent to delay and defraud his creditors, and that the defendant is about to convert his property into money for the purpose of placing it beyond the reach of his creditors." The defendants moved to dissolve the attachment, and presented in support of the motion an affidavit of Charles H. Howe, stating that:

"He denies that the defendants are about to assign, secrete and dispose of their property with intent to defraud their creditors and denies that they are about to convert their property into money for the purpose of placing it beyond the reach of their creditors; and in that behalf states that he is a logger by occupation; and that the only sales of property made by defendant at any time prior hereto, or sales attempted to be made by defendant were for the purpose of carrying on his business of logging and to realize moneys by which they might continue to conduct said business and to pay such debts as they may have contracted from time to time during the carrying on of their said business."

On the hearing of the motion, the plaintiffs presented their joint evidential affidavit, stating, in substance, that the defendants are largely indebted, their indebtedness exceeding the value of their property, both exempt and not exempt; that the plaintiffs have repeatedly tried to get the defendants to pay their claims, and have offered to furnish the defendants further money provided they would secure the plaintiffs' claims, which the defendants refused to do; that immediately before the levy of the attachment, the defendant Charles H. Howe was endeavoring to sell, and went to practically every mill owner in Raymond to try to dispose of, his logs for the purpose of defeating the plaintiffs and other creditors of their claims; that shortly before the

commencement of this action, the defendant secured permission to sell a horse covered by a chattel mortgage which he had given to the plaintiffs, claiming that he had an offer of $200, but affiants afterwards discovered that he was trying to sell the horse for $275, intending to turn over to the plaintiffs only $200 of that amount; that the plaintiffs had told the defendant that they had an opportunity to sell the mortgaged property for all it was worth, but the defendants refused to permit the plaintiffs to sell the mortgaged property; that, since the attachment in this action, the defendants have given a mortgage upon their interest in the property in question to their attorneys for the sum of $250; that the defendant Charles H. Howe executed and delivered a bill of sale of his interest in the logs in question to his brother, J. J. Howe; that the defendant, since, the commencement of this action, has stated to the plaintiffs and to other persons, that he would not pay the plaintiffs' claim, and that all they would get would be what they could hold by their mortgage. Over plaintiffs' objection, the defendants were permitted at the hearing to present affidavits controverting the plaintiffs' evidential affidavit. One of these, made by Charles H. Howe, stated:

"He has endeavored in the regular course of his business as a logger and not otherwise to sell and dispose of the logs owned by the copartnership of Howe & Howe, and that the same was done for the purpose of realizing money from the sale thereof with which to pay his obligations. That he has never at any time attempted to sell or dispose of said logs or any other real or personal property for the purpose of cheating or defrauding the plaintiffs or any other creditors out of their lawful claims."

This affidavit then directly contradicts or explains every charge made in the plaintiffs' evidential affidavit, save one hereafter to be noticed. The other affidavit filed in behalf of the defendants was made by J. J. Howe, and denied that he had accepted a bill of sale from his brother Charles H. Howe,

but stated that such bill of sale had been offered to him by his brother on condition that he pay all of his brother's debts, and that he, J. J. Howe, refused to accept the bill of sale on that condition. Upon a consideration of all of the affidavits presented, the court dissolved the attachment. The plaintiffs appealed.

The appellants contend that the trial court erred in dissolving the attachment for the following reasons: (1) because the affidavit supporting the motion to dissolve the attachment contained no sufficient traverse of the appellants' affidavit procuring the writ; (2) that, no issue being presented, the court should not have considered the respondents' evidential affidavits; (3) that, in any event, the evidence was sufficient to sustain the attachment.

I. The appellants urge that the affidavit supporting the respondents' motion to dissolve the attachment merely presented a negative pregnant, constituting no sufficient traverse of the averments of the affidavit upon which the writ of attachment was procured. The procuring affidavit alleged, in the conjunctive, the statutory grounds for attachment. The first clause of the sentence quoted from the respondents' affidavit in support of their motion, denied these allegations, also in the conjunctive. It cannot be questioned that, under the strict technical rules for the framing of issues, where the averments of a pleading are made conjunctively and are denied by the adversary conjunctively and *in haec verba*, without further negation or explanation, the denial is a negative pregnant, constituting an admission, and presents no issue. *Hansen v. Doherty*, 1 Wash. 461, 25 Pac. 297. An almost unlimited list of cases from other jurisdictions so holding might be cited. Had the defendants' moving affidavit contained nothing further than this clause presenting the negative pregnant, it would fall within the rule announced in the *Hansen* case. The affidavit, however, contained much more. It stated at length the character of the defendants' business; the fact that J. J. Howe, a brother of Charles H. Howe, was

his partner therein, and that they had never attempted to sell or dispose of any logs, except in the course of such business, and with the intention of procuring money for the payment of their debts. The affidavit thus, in effect, negatived every allegation of the appellants' procuring affidavit. Under the rule of our general statutes relating to pleadings commanding a liberal construction as to their sufficiency (Rem. & Bal. Code, §§ 255, 285, 299 [P. C. 81 §§ 217, 259, 287]), we think the affidavit in support of the respondents' motion, in the absence of a demurrer thereto or a motion to make its denials more specific, was sufficient to put in issue the allegations of the procuring affidavit. This court, in *O'Brien v. Seattle Ice Co.*, 43 Wash. 217, 86 Pac. 399, after stating that the *Hansen* decision went to the verge of technical construction, said:

"The doctrine of negative pregnant is the doctrine of the common law, and that, together with many of the fictions of the common law, has been abrogated by our statute, and a plain and simple construction of language based upon common sense understanding has been substituted."

As pointed out in the last cited case, if there was anything indefinite or uncertain in the denial under consideration that would have raised a question in the appellants' mind as to what was denied, the code provides a remedy by motion to make the pleading more definite and certain. In this case, the respondents' moving affidavit was attacked neither by demurrer nor motion. So far as the record shows, the point now urged was raised for the first time on this appeal. However that may be, it certainly was not raised until after the appellants had presented their evidential affidavit on the merits and the respondents had filed controverting affidavits meeting every material question of fact presented. It is clear that the form of the respondents' denials constituted no surprise, worked no hardship, and led to no confusion in the trial of the issue actually tendered by the appellants' initial affidavit.

II.   What we have said of the appellants' first contention effectually disposes of their second.   Since the respondents' moving affidavit was a sufficient traverse of the appellants' procuring affidavit, it follows that the court committed no error in admitting their evidential affidavits.   An attachment, though auxiliary to an original action, is, in its essentials, an action presenting independent issues.   By analogy to an ordinary action, the affidavit procuring the writ, and the affidavit supporting the motion to dissolve the attachment constitute the pleadings.   When these present an issue, as we have held they do in this case, the burden of proof rests upon the attaching party.   He must sustain that burden by evidential affidavits which the adversary may meet also by affidavits.

"The rules of evidence, when affidavits are relied upon in dissolution proceedings, are the same as when oral testimony is offered to contradict the alleged grounds for attachment. If the defendant by affidavit denies the truth of the alleged grounds, the plaintiff should be required to file such evidence as he desires, after which the defendant should file such evidence as he may see fit in contradiction thereof, and then the plaintiff should be allowed to file rebutting affidavits."   1 Shinn, Attachment and Garnishment, § 353, p. 651.

See, also, *Jordan v. Dewey*, 40 Neb. 639, 59 N. W. 88.   The court committed no error in permitting the respondents to file their evidential affidavits, nor in considering them.

III.   The burden of proof to sustain the grounds of the writ of attachment rested throughout upon the appellants. They sought to sustain that burden by a single affidavit, the substance of which we have set out in our statement of the case.   It is first averred, in effect, that the respondents are insolvent and have refused to give the appellants a preference, though the appellants offered to advance them further money if they would do so.   This is not denied, but it constitutes no ground for attachment.   Insolvency alone is no ground for attachment (*Wild Rose Orchard Co. v. Critzer*, 79 Wash. 462, 140 Pac. 561).   Neither is the refusal to incur

further indebtedness or to prefer a given creditor. Rem. & Bal. Code, § 648 (P. C. 81 § 415). Every other averment of the appellants' evidential affidavit was either specifically controverted, or the facts so explained by the respondents' controverting affidavits as to negative any intention on the respondents' part to defraud the appellants. If the respondents' affidavits were believed, they sufficiently deny or explain every material fact relied upon by the appellants to sustain the writ. We shall not discuss these affidavits in detail. Upon a careful consideration of the entire record, we cannot say that the decision of the trial court was not sustained by a fair preponderance of the evidence.

The judgment is affirmed.

CROW, C. J., CHADWICK, MAIN, and GOSE, JJ., concur.